UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KAREN YVONNE L,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 2:25-cv-01817-TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action under 42 U.S.C. § 405(g) seeking judicial review of the Administrative Law Judge's ("ALJ") decision affirming defendant's denial of her applications for Social Security Disability Insurance benefits, and Supplemental Security Income benefits. Dkt. 5, Complaint. The parties unanimously consent to the jurisdiction of a Magistrate Judge. Dkt. 2. For the reasons below, the Court **reverses and remands** the ALJ's decision.

## I. BACKGROUND

Plaintiff applied for disability benefits, alleging an onset date of August 28, 2020. AR 261-74, 286. Defendant denied plaintiff's application initially and on reconsideration. AR 140-162, 165-179.

An ALJ held a hearing on September 27, 2024, and then issued an unfavorable decision. AR 17-30, 36-75. The ALJ resolved the required five-step analysis at step four, as follows.

For the first step, the ALJ found plaintiff's date last insured was June 30, 2024. AR 19-20; she had not engaged in substantial gainful activity since the alleged onset date. AR 20.

For the second step, the ALJ found plaintiff had the following severe impairments: "degenerative joint disease/osteoarthritis of the bilateral feet/status-post left foot surgery (February 2024), degenerative joint disease/impingement syndrome/rotator cuff tear of the right shoulder, migraine headaches, asthma, and obesity. . ..." AR 20.

For the third step, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of listed impairments. AR 23.

For the fourth step, the ALJ formulated plaintiff's RFC, finding she could (in relevant part):

> . . .perform a limited range of light work as defined in 20 CFR 404.1567(b), and 416.967(b). Specifically, the claimant . . .is limited to understanding, remembering, and carrying out simple and detailed but not complex instructions; making simple and detailed but not complex work-related decisions; and dealing with changes consistent with a simple and detailed but not complex work setting although she can maintain concentration, persistence, and pace for at least two-hour intervals over a normal eight-hour workday, 40-hour workweek, with standard breaks.

AR 23.

At step four, the ALJ found plaintiff could do past work as a general office clerk. AR 29-30.

## II. ISSUES

Plaintiff raises two issues:

First, did the ALJ commit reversible error in evaluating opined limitations concerning plaintiff's attention and concentration, as documented in the medical opinions of Dr. Sakhon, Dr. Adkisson, and Dr. Lewis?

Second, did the ALJ commit reversible error in evaluating vocational expert (V.E.) testimony under Social Security Ruling (SSR) 00-4p, and was the ALJ's decision concerning plaintiff's residual functional capacity supported by substantial evidence with respect to the V.E.'s opinion?

## III. DISCUSSION

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). If the evidence would reasonably support affirming the ALJ's decision, or reversing it, the Court may not substitute its own judgment for the ALJ's. *Ferguson v. O'Malley,* 95 F.4th 1194, 1199 (9th Cir. 2024).

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.* The Court may determine the ALJ's reasoning by drawing

reasonable inferences and determining an implied finding from the record. *Ferguson v. O'Malley,* 95 F. 4th 1194, 1200 (9th Cir. 2024).

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

**A. Medical Opinions**

Plaintiff challenges the ALJ's consideration of medical opinions from Dr. Sakhon, Dr. Adkisson, and Dr. Lewis. Dkt. 17 at 12-18.

As plaintiff applied for benefits after March 27, 2017, her claims are governed by defendant's updated regulations for evaluating medical opinions.

Under the applicable regulations, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless explain with specificity how he or she considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§

404.1520c(a)–(b), 416.920c(a)–(b); *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). Supportability means the extent to which a medical source supports their opinion by explaining the relevant medical evidence. *Woods,* 32 F.4th at 791-92. Consistency means the extent to which an opinion is consistent with the evidence from other medical and non-medical sources in the claim. *Id.* at 792. The ALJ cannot reject an opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Id.*

**i. Dr. Sekhon**

On December 8, 2023, Dr. Namrita Sekhon, M.D., reported in relevant part that frequently (34% to 66% of the workday) plaintiff's pain and other symptoms would interfere with attention and concentration needed for her to perform simple work tasks. AR 1916-17.

In the RFC, the ALJ decided that plaintiff "can maintain concentration, persistence, and pace for at least two-hour intervals over a normal eight-hour workday, 40-hour workweek, with standard breaks". AR 23. The ALJ also found that plaintiff could carry out simple and detailed but not complex instructions and could make simple and detailed but not complex work-related decisions. *Id.*

The ALJ discounted Dr. Sekhon's opinion on the basis that "although Dr. Sekhon is a treating source, her medical opinion was not well-supported given that the only objective findings cited to in support of said medical opinion were tenderness to palpation and decreased range of motion of the lower back. . . ." AR 29. The ALJ also found that Dr. Sekhon's opinion "constitutes a significant overstatement of the claimant's functional limitations" when compared with the findings of other physicians,

and when compared with evidence of plaintiff's activities. AR 29. And the ALJ found Dr. Sekhon's opinion was unpersuasive because Dr. Sekhon had only treated plaintiff for one year, but in her medical opinion she stated that limitations due to pain had been present for 16-20 years. AR 29.

The ALJ's reasoning for rejecting Dr. Sekhon's opinion is insufficient with respect to the finding about work-related ability to sustain attention and concentration. There is nothing in the ALJ's reasons for discounting Dr. Sekhon's opinion that pertains to plaintiff's mental functioning. The ALJ's reasoning was focused on Dr. Sekhon's opinions about plaintiff's physical limitations and did not mention the assessment of her ability to mentally sustain attention and concentration.

Dr. Sekhon's assessment was made about a year after Dr. Adkisson's and Dr. Lewis's assessments. This error was not harmless, because if the opinion were properly evaluated, there may have been a limitation concerning plaintiff's ability to concentrate and pay attention for a sustained period during the work day and work week from the beginning of the period when Dr. Sekhon treated plaintiff through the date of the ALJ hearing, roughly December 2022-September 2024; if this had been properly evaluated there may have been a more restrictive finding in the RFC for that period. *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

The "ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). "In doing so, the ALJ need not adopt any opinion verbatim and may translate clinical findings into work-related limitations." *Bryant L. v. Brisignano*, No. 5:25-cv-

01671-SB-KES, 2026 WL 2201144, at *1 (C.D. Cal. Jul. 29, 2026) (citing *Rounds v. Comm'r of Soc. Sec. Admin.*, 8007 F.3d 996, 1006 (9th Cir. 2015)).

An ALJ must base their RFC finding on " all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). "'If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.'" *John S. v. Saul*, No. 5:19-cv-01561-MAA, 2020 WL 5880462, at *2 (C.D. Cal. Oct. 2, 2020) (quoting SSR 96-8P). The "ALJ must provide enough reasoning to permit meaningful review of whether the RFC and the evaluation of the medical evidence are supported by substantial evidence." *Bryant L.*, 2026 WL 2201144, at *1 (citing *Treichler v. Commissioner of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014)).

If the errors of the ALJ result in a residual functional capacity (RFC) that does not include relevant work-related limitations, the RFC is deficient and the error is not harmless. *Id; see also Carmickle v. Comm'r. Spc. Sec. Admin.,* 533 F.3d 1155, 1160 (9th Cir. 2008). In this case, the error was harmful because Dr. Sekhon's assessment of plaintiff's mental health — that frequently (34% to 66% of the workday) plaintiff's pain and other symptoms would interfere with attention and concentration needed for her to perform simple work tasks — if properly considered, would potentially change the portion of the RFC that found plaintiff could concentrate and pay attention for up to two hours at a time, could make simple yet detailed decisions, and could follow simple yet detailed instructions.

**ii. Dr. Adkisson**

On December 2, 2022, Dr. Reginald Adkisson evaluated plaintiff; he diagnosed generalized anxiety disorder, and adjustment disorder with depressed mood, chronic.

AR 1441. He stated that at the time of the evaluation, claimant had “fair sustained concentration”. AR 1440. Dr. Adkisson opined that “[i]n the area of sustained concentration and persistence, claimant presents with moderately severe limitation”; and he stated that plaintiff “presents with excessive emotional distress, negatively impacting the ability to sustain concentration.” AR 1442.

Plaintiff argues that the ALJ did not explain any reason for not including the concentration and persistence limitation from Dr. Adkisson’s report in the plaintiff’s RFC; as Dr. Adkisson’s report was affirmed by Dr. Fitterer. Dkt. 127. The ALJ found Dr. Fitterer’s assessment more persuasive than Dr. Adkisson’s. Dkt. 22. Because Dr. Adkisson’s opinion on this point is less specific and the RFC contains a limitation that is not contrary to Dr. Adkisson’s opinion on concentration and persistence, the ALJ’s decision as to this medical opinion is not harmful error.

**iii. Dr. Lewis**

Dr. Janis L. Lewis, Ph.D. provided an administrative medical finding (not a finding based on direct evaluation of plaintiff, or being a treatment provider) in January 2023. AR 100-101. Dr. Lewis found plaintiff’s ability to maintain attention and concentration for extended periods to be moderately limited. AR 100.

Plaintiff argues the ALJ failed to build a logical bridge by neglecting to explain why the RFC does not have a more restrictive limitation on maintaining attention and concentration. Yet Dr. Lewis’ opinion is general and does not justify a more restrictive limitation than the limitation already included in the ALJ’s RFC decision. Because the RFC contains a limitation that is not contrary to Dr. Lewis’s opinion on concentration and persistence, the ALJ’s decision as to this medical opinion is not harmful error.

**B. Analysis of the ALJ's Evaluation of the Vocational Expert's Opinion**

Plaintiff argues that the ALJ failed to adequately evaluate the vocational expert's testimony. Dkt. 17 at 7. Plaintiff further asserts that there is an unexplained discrepancy between the vocational expert's testimony and the Dictionary of Occupational Titles (DOT) description of the job. *Id*.

In the ALJ's opinion, it was determined that plaintiff could perform simple and detailed but not complex work. AR 23. The ALJ *also* determined at step four, plaintiff could work as a general office clerk as generally and actually performed. AR 29-31. The ALJ's decision was based in part on the vocational expert's testimony. *Id*. The ALJ determined "the vocational expert's testimony is consistent with the information contained in the DOT or is otherwise reasonably based on the vocational expert's professional experience[.]" *Id*. The ALJ did not make findings of fact regarding plaintiff's ability to meet the demands of Level 4 reasoning, as required for the general office clerk position defined by DOT.

The vocational expert testified that a person with plaintiff's limitations could work as a general office clerk. AR 74. The V.E. did not indicate whether the mental requirements of this position would be different as actually performed, as opposed to as generally performed. AR 69-75. The ALJ's decision stated the only difference between as generally performed versus as actually performed was exertional level. AR 29.

At the hearing, the ALJ posed a second hypothetical question to the vocational expert containing substantially the same limitations regarding carrying out "simple and detailed but not complex instructions" and "making simple and detailed but not complex work-related decisions", as were included in the ALJ's assessment of plaintiff's residual

functional capacity. AR 72. The vocational expert noted that the DOT categorized the general office clerk position as a Level 4 Reasoning job, performed more at sedentary. AR 71. The vocational expert testified that an individual with those limitations, and with the same age, education, and work experience as plaintiff, would be able to perform the work of a general office clerk as generally performed and as actually performed. *Id*. at 72.

Neither the vocational expert nor the ALJ addressed the conflict between plaintiff's mental RFC limitation to “simple and detailed tasks” and the Reasoning Level 4 skills required for the general office clerk position either as generally performed or as plaintiff actually performed it.

Plaintiff testified that she was a “compliance officer and office assistant.” AR 55. In that position, she typed contracts and printed them, collated pages for a contract package. *Id.* She brought coffee, condiments, and such to a jobsite trailer. *Id.* She was not asked any questions by the ALJ, her attorney, or the V.E., as to what types of reasoning tasks were involved in that occupation as she actually performed it.

At step four, the claimant has the burden to prove they cannot perform previous relevant work as actually performed, or as generally performed in the national economy. *Lewis v. Barnhart,* 281 F.3d 1081, 1083 (9th Cir. 2002); 20 C.F.R §§ 404.1520(e), 416.920(e). To determine whether the claimant can perform previous work, the ALJ can consider a vocational expert’s testimony and the claimant’s own testimony to define how a claimant’s past work was actually performed. *Tommasetti v. Astrue,* 533 F.3d 1035, 1042 (9th Cir. 2008). Even though the burden of proof is on claimant at step four, “the ALJ still has a duty to make the requisite factual findings to

support his conclusion." *Pinto v. Massanari,* 249 F.3d 840, 844-845 (9th Cir. 2001). This allows the reviewing Court to engage in meaningful judicial review. *Id.* at 847.

The DOT is "a resource compiled by the Department of Labor that details the specific requirements for different occupations [and] guides the analysis." *Gutierrez v. Colvin*, 844 F.3d 804, 807 (9th Cir. 2016) (citing SSR 00-4P, 2000 WL 1898704, at *2 (2000)). "The DOT creates a rebuttable presumption as to the job classification. . . To deviate from the DOT classification, an ALJ 'may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Tommasetti,* at 1042 (internal citation omitted). The regulations acknowledge that vocational experts and published sources besides the DOT may be authoritative. *Johnson v. Shalala,* 60 F.3d 1428, 1435-1436 (9th Cir. 1995).

If there is an apparent conflict between the expert's testimony and the DOT, the ALJ has an affirmative duty to ask the expert to explain the conflict and then determine whether the vocational expert's explanation for the conflict is reasonable before relying on the expert's testimony to reach a disability determination. *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1003-04 (9th Cir. 2015). If there is an apparent conflict, the ALJ must ask the expert to explain and then the ALJ must determine whether the V.E.'s explanation is reasonable. *Leach v. Kijakazi,* 70 F.4th 1251, 1255 (9th Cir. 2023).

An ALJ may rely on vocational expert testimony that "contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Johnson v. Shalala,* 60 F.3d at 1435. An ALJ must address the conflict and resolve it with substantive evidence and explanation. SSR 00-4P; see also *Rounds*, 807 F.3d at 1003-04.

The DOT defines the general office clerk as a Level 4 Reasoning job. DOT 219. 362-19 010. Level 4 Reasoning requires workers to “[a]pply principles of rational systems to solve practical problems and deal with a variety of concrete variables in situations where only limited standardization exists. Interpret a variety of instructions furnished in written, oral, diagrammatic, or schedule form.” U.S. Dep’t of Labor, Dictionary of Occupational Title app. C, § III (4th ed. rev. 1991).

Level 2 Reasoning requires workers to “[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions [and to d]eal with problems involving a few concrete variables in or from standardized situations.” *Id*.

Reasoning Level 3 is inconsistent with the limitation to simple and routine work tasks. *Zavalin v. Colvin*, 778 F.3d at 847 (finding an “apparent conflict between the residual functional capacity to perform simple, repetitive tasks, and the demand of Level 3 Reasoning”). Further, there is “no appreciable difference between the ability to make simple decisions based on short, simple instructions and the ability to use commonsense understanding to carry out detailed but uninvolved instructions, which is what Reasoning Level 2 requires.” *Ranstrom v. Colvin*, 622 Fed. App’x. 687, 688 (9th Cir. 2015) (citing *Zavalin v. Colvin*, 778 F.3d at 847). Thus, a limitation to simple tasks is functionally equivalent to Reasoning Level 2.

Here, the ALJ’s decision on plaintiff’s RFC limits her to “simple and detailed tasks.” The inclusion of “detailed tasks” in the RFC tracks Reasoning Level 2’s requirement to carry out “detailed but uninvolved” instructions. *See Ranstrom v. Colvin*, 622 Fed. App’x. at 688. In other words, “detailed tasks” as used in the RFC describes the ceiling of plaintiff’s reasoning ability, not an independent grant of capacity reaching

Reasoning Level 3 or Level 4. Reasoning Level 3 already exceeds the demands that a person limited to "simple and detailed tasks" can meet, Reasoning Level 4—which demands the application of abstract rational systems in non-standardized situations—conflicts with plaintiff's RFC. *See Zavalin v. Colvin*, 778 F.3d at 847; DOT app. C, § III (defining Reasoning Level 4).

The ALJ failed to ask the vocational expert to explain how a person with plaintiff's limitations could nevertheless meet the demands of Reasoning Level 4. The ALJ's boilerplate finding that the vocational expert's testimony was "consistent with the information contained in the DOT" does not satisfy the obligation to identify and resolve apparent conflicts. The DOT's reasoning level classification is an "obvious or apparent" requirement of the occupation, so the conflict here is apparent on its face. Therefore, the ALJ erred by accepting the vocational expert's testimony without resolving this conflict. *Leach v. Kijakazi,* 70 F.4th 1251, 1255 (9th Cir. 2023). Therefore the ALJ did not make sufficient findings to allow this Court to meaningfully review whether plaintiff met her burden of proof at step four, or whether she could perform the work required for being a general office clerk – either as generally performed or as actually performed.

An error that is inconsequential to the non-disability determination is harmless. *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)). If the errors of the ALJ result in a residual functional capacity (RFC) that does not include relevant work-related limitations, the RFC is deficient and the error is not harmless. *See Leach v. Kijakazi,* at 1255 ("When the ALJ's question to a vocational expert inaccurately describes the claimant's true limitations, our legal rule is clear: 'If an ALJ's hypothetical does not reflect all of the claimant's limitations, then 'the expert's testimony has no

evidentiary value. . .'"); *see also Carmickle v. Comm'r. Spc. Sec. Admin.,* 533 F.3d 1155, 1160 (9th Cir. 2008).

**IV. CONCLUSION**

For the reasons above, the Court **REVERSES** the ALJ's decision and **REMANDS** this matter for further administrative proceedings. These proceedings will include a de novo hearing on an open record, a reevaluation of Dr. Sekhon's medical opinion evidence, and additional evidence concerning step four.

Dated this 20th day of August, 2026.

Theresa L. Fricke
United States Magistrate Judge